*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 15-BG-985

IN RE SEAN P. MCMULLEN, RESPONDENT.

FILED 12/8/16
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 980333)

On Report and Recommendation
of the Board on Professional Responsibility
(BDN-D200-15)

(Submitted March 8, 2016)                    (Decided December 8, 2016)

Timothy J. Battle for respondent.

Wallace E. Shipp, Jr., Disciplinary Counsel, and William R. Ross, Assistant Disciplinary Counsel, for the Office of Disciplinary Counsel.

Before FISHER, EASTERLY, and MCLEESE, Associate Judges.

PER CURIAM: The Virginia State Bar Disciplinary Board ("Virginia Board") revoked respondent Sean McMullen's license to practice law in the Commonwealth of Virginia in July 2015 due to violations of the Virginia Rules of Professional Conduct, to which Mr. McMullen stipulated. After receipt of the Virginia Board's decision, this court suspended Mr. McMullen's license pursuant to D.C. Bar Rule XI, § 11 (d), and, because D.C. Bar Rule XI, § 11 (c) establishes

a default rule that this court should impose the same discipline as the original disciplining jurisdiction, *see In re Chaganti*, 144 A.3d 20, 23 n.3 (D.C. 2016), ordered him to show cause why reciprocal discipline should not be imposed. The burden is thus on Mr. McMullen to show by clear and convincing evidence that one of the five exceptions to the default rule applies. These exceptions, set forth in § 11 (c),[1] are narrowly interpreted. *See In re Chaganti*, 144 A.3d at 23. As we have previously made clear, "reciprocal discipline proceedings are not a forum to reargue the foreign discipline." *In re Zdravkovich*, 831 A.2d 964, 969 (D.C. 2003).

---

[1] An attorney may escape reciprocal discipline only if he can show by clear and convincing evidence that:

> (1) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
>
> (2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistently with its duty, accept as final the conclusion on that subject; or
>
> (3) The imposition of the same discipline by the Court would result in grave injustice; or
>
> (4) The misconduct established warrants substantially different discipline in the District of Columbia; or
>
> (5) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

D.C. Bar R. XI, § 11 (c); *see also In re Chaganti*, 144 A.3d at 23.

Mr. McMullen argues that "[sub]sections 1, 2 and 3 all support [his] request for relief," but fails thereafter to tie his arguments to any particular exception listed under Rule XI, § 11 (c). We discern in Mr. McMullen's submission to this court only two arguments against the imposition of reciprocal discipline. First, Mr. McMullen argues that he was denied an opportunity in the Virginia proceedings to present "all relevant evidence in [his] defense," seemingly invoking the deprivation of due process exception under § 11 (c)(1). Mr. McMullen further argues that, instead of imposing identical discipline, this court should impose a "suspended suspension," perhaps invoking the "grave injustice" exception under § 11 (c)(3).[2] We conclude that Mr. McMullen has failed on both grounds to carry his burden to show that reciprocal discipline should not be imposed,[3] and thus we order his disbarment.

---

[2] Section 11 (c)(4) might be a better fit for this argument, but Mr. McMullen disclaims reliance on that exception.

[3] As noted above, Mr. McMullen asserts that reciprocal discipline is also inappropriate under § 11 (c)(2), but this assertion is entirely undeveloped in his brief. *See Gabramadhin v. United States*, 137 A.3d 178, 187 (D.C. 2016) ("[I]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."). In any event, we note that Mr. McMullen stipulated to all of the facts necessary to support the Virginia Board's findings.

## I. Procedural Background

In January 2015, the managing partner of Mr. McMullen's former law firm, Lange, Thomas & McMullen, LLP, filed a complaint with the Virginia State Bar alleging that Mr. McMullen had neglected two clients' lawsuits, resulting in dismissals with prejudice, and that he had lied to the clients and the law firm about the matters for a prolonged period of time, depriving both clients of the ability to appeal. Virginia Bar Counsel ("Bar Counsel") interviewed Mr. McMullen about the complaint in March 2015, and he signed medical release forms so Bar Counsel could obtain his records. But Bar Counsel did not request any of Mr. McMullen's medical records from his doctors. In the meantime, the Virginia Board issued a Pre-Hearing Order directing Mr. McMullen to comply with the Rules of the Supreme Court of Virginia with respect to "impairment evidence."[4]

As of June 12, 2015, the date of a prehearing conference call, Mr. McMullen had not provided notice, pursuant to the Pre-Hearing Order, of his intent to present

---

[4] The Virginia rules direct any "Respondent who intends to rely upon evidence of an Impairment in mitigation of Misconduct" to "provide notice not less than 14 days prior to the hearing to Bar Counsel and the . . . Board of his or her intention to do so." Va. Sup. Ct. R. Pt. 6, § 4, ¶ 13-12 (F); *see also* Va. Sup. Ct. R. Pt. 6, § 4, ¶ 13-23 (A).

impairment evidence at his June 26, 2015 hearing. Thus, Bar Counsel indicated during the call that it would object to presentation of any such evidence at Mr. McMullen's disciplinary hearing. Nevertheless, Mr. McMullen attempted to introduce at the hearing evidence that he suffered from depression. The Virginia Board sustained an objection from Bar Counsel and excluded this evidence. Mr. McMullen stipulated to Bar Counsel's factual assertions regarding his misconduct, admitting facts sufficient to show he had violated Virginia Professional Conduct Rules regarding competence, diligence, communication, terminating client representation, and dishonesty. *See* Va. R. Prof'l Conduct 1.1, 1.3 (a)–(c), 1.4 (a)–(c), 1.16 (a)(1)–(3), & 8.4 (a)–(c). The Virginia Board, after considering aggravating and mitigating circumstances,[5] revoked his license.

We now consider whether Mr. McMullen has demonstrated that we should not impose the same discipline.

---

[5] The Virginia Board considered the following aggravating factors: a prior public reprimand from the Virginia State Bar; "Respondent's dishonest or selfish motives"; his pattern of misconduct involving multiple clients; "Respondent's refusal to acknowledge the wrongful nature of his conduct"; the vulnerability of the clients; and "Respondent's substantial experience in the practice of law." In mitigation, the Board considered Mr. McMullen's cooperation with the investigation.

## II. Due Process Analysis

We review due process claims in reciprocal discipline cases not as an appellate court for "foreign disciplinary proceedings," but only to see if "any serious defects were present in the foreign proceedings . . . such that it would be wrong to impose reciprocal discipline here." *In re Chaganti*, 144 A.3d at 24 (alteration in original). Mr. McMullen never actually asserts that he was denied due process in the Virginia proceedings such that reciprocal discipline should not be imposed pursuant to § 11 (c)(1), but, by recounting the procedural history of his Virginia disciplinary proceedings, he suggests that, because Bar Counsel had actual notice that he suffered from depression, the Virginia Board unfairly precluded him from presenting this mitigating evidence.

Specifically, Mr. McMullen argues that he "reasonably expected" that Bar Counsel would investigate whether he had an impairment defense because he was interviewed by Bar Counsel's investigator and gave him two signed medical releases. But, after the investigation, the Virginia Board issued an order directing Mr. McMullen to comply with the timetable in the Virginia Supreme Court's rules for providing notice of an intent to present impairment evidence.

On the record presented to us, we have no reason to believe it was a due process violation for the Virginia Board to enforce its rules. Even if Mr. McMullen initially made a "good faith procedural error," he was alerted to his mistake at the prehearing conference. At that point he could have made the actual notice argument he seems to raise before this court and sought permission to present his impairment evidence.[6] But Mr. McMullen has not provided this court with any evidence that, at or subsequent to his disciplinary hearing, he challenged the exclusion of his impairment evidence. Accordingly, Mr. McMullen has failed to carry his burden to show that the Virginia Board's decision to deny presentation of impairment evidence amounted to a due process violation, as opposed to the lawful consequence of his own forfeiture. *Cf. In re Richardson*, 692 A.2d 427, 434 (D.C. 1997) ("[A]s a consequence of Richardson's Florida waiver, we are entitled to rely—for purposes of final, reciprocal discipline—on the disciplinary result in Florida, properly certified to this court, without affording Richardson the evidentiary hearing [he waived]. Put succinctly: if Richardson validly waived an evidentiary hearing in Florida, he is deemed to have waived any evidentiary

---

[6] *See* Va. Sup. Ct. R. Pt. 6, § 4, ¶ 13-12 (F) (excusing noncompliance upon a showing of "good cause").

hearing on the same charges that would otherwise be required by due process before he could be suspended from the practice of law in this jurisdiction.").[7]

## III. Alternative Sanction

Mr. McMullen also argues that a more appropriate sanction from this court would be a "suspended suspension." In support of this argument, Mr. McMullen references *In re Vohra*, a bar discipline case in which this court accepted the D.C. Board on Professional Responsibility's proposed suspended sentence after finding that the respondent "suffer[ed] from a major depression at the time" of his misconduct but "ha[d] improved with treatment." 762 A.2d 544, 544 (D.C. 2000).

Though evidence that an attorney suffered from "diagnosable, chronic depression" that was causally related to his misconduct can mitigate a sanction, *In re Peek*, 565 A.2d 627, 633 (D.C. 1989), the attorney has the burden to prove his

---

[7] Mr. McMullen also asserts that he was "unable to secure the attendance of his medical professionals to present live testimony" because the hearing was held in Richmond, Virginia, not Washington, D.C. We do not address this argument in light of Mr. McMullen's failure to provide timely notice of his intent to present this evidence.

disability by clear and convincing evidence.[8] *See In re Silva*, 29 A.3d 924, 934 (D.C. 2011); *In re Edwards*, 870 A.2d 90, 95 (D.C. 2005). Due to his forfeiture, Mr. McMullen has not made the threshold showing that he suffered from a disability. *Cf. In re Edwards*, 870 A.2d at 96 (declining to consider mitigation evidence where attorney failed to present evidence first to a hearing committee). In the absence of any record evidence that he suffered from depression and that this disability compromised his ability to practice law, we decline to consider whether Mr. McMullen should receive a lesser sanction in this jurisdiction.[9]

## IV. Conclusion

Mr. McMullen has failed to prove, by clear and convincing evidence, any of the exceptions to reciprocal discipline in D.C. Bar Rule XI, § 11 (c). We therefore

---

[8] Having carried this burden, the attorney must then also "prove by a preponderance of the evidence that the [disability] substantially caused him to engage in that misconduct[ and] prove by clear and convincing evidence that he now is substantially rehabilitated." *In re Stanback*, 681 A.2d 1109, 1115 (D.C. 1996).

[9] Mr. McMullen's reliance on *In re Pearson*, 628 A.2d 94 (D.C. 1993), to support his argument that this court should impose a different or lesser penalty is misplaced. In that case we determined that the attorney had carried his burden to show a due process violation under § 11 (c), *id.* at 99; as discussed above, however, Mr. McMullen has failed to carry his burden to prove his due process rights were violated in Virginia.

order that he be disbarred from the practice of law in the District of Columbia. For purposes of applying for reinstatement after five years of disbarment, *see* D.C. Bar R. XI, § 16 (a), Mr. McMullen's period of disbarment will commence once he complies with D.C. Bar Rule XI, § 14 (g).

*So ordered*.